UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PREMIER CAPITAL LIMITED LIABILITY COMPANY, A Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TCS IDAHO, LLC, a Delaware limited liability company; JEAN-PIERRE A. BOESPFLUG, an individual; and ALFREDO MIGUEL AFIF, an indvidual,<br><br>Defendants. | Case No. 1:16-cv-00234-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending before the Court are: (1) Plaintiff's Motion to Retain Case and Extend Time for Filing Litigation Plan and Scheduling Conference ("Motion to Extend") (Dkt. 8) and Defendant Alfredo Miguel Afif's Motion to Dismiss (Dkt. 9.) Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that oral argument is unnecessary. Accordingly, because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument. D. Idaho Loc. Civ. R. 7.1. As explained more fully below, the Court denies Plaintiff's Motion to Extend (Dkt. 8) and grants Defendant Alfredo Miguel Afif's Motion to Dismiss (Dkt. 9.)

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

On March 30, 2016, Plaintiff filed the instant Complaint against three Defendants: (1) TCS Idaho, LLC; (2) Jean-Pierre A. Boespflug; and (3) Alfredo Miguel Afif. (Dkt. 1-2). The Complaint was originally filed in Idaho state court. *Id.* Plaintiff alleges that the Defendants are each jointly and severally liable for the sum of $250,737. *Id.*

On June 9, 2016, Defendant Aziz removed the action to federal court based on federal jurisdiction. (Dkt. 1, ¶8.) Afif further alleged he had not properly been served with process but he did receive a copy of the complaint and summons, which were mailed to Afif's U.S. accountant. (Dkt. 1, ¶ 11.)

On June 10, 2016, the Court issued a Litigation Order requesting that the parties file a Joint Litigation Plan and setting a scheduling conference on July 29, 2016. (Dkt. 3.) On July 28, 2016, the day before the scheduling conference, Plaintiff filed a Motion to Extend Time for Filing Litigation Plan and Scheduling Conference. (Dkt. 4.) Plaintiff made the motion because "the principal defendant, Alfredo Miguel Afif, ha[d] not been served with process" and "did not consent to proceed[] . . . until he . . . [was] served." *Id.* When requesting more time to accomplish service of process, Plaintiff recognized that Defendant Afif was a Mexican national and "will need to be served in accordance with the Hague Service Convention." *Id.*

Also on July 29, 2016, the Court granted Plaintiff's requested extension and reset the scheduling conference for December 2, 2016, approximately four months later. (Dkt. 5.) Over three months later, on November 4, 2016, the first summons was issued in this case. (Dkt. 6.) The Summons was issued as to Defendant Afif. *Id.* No other summons

**MEMORANDUM DECISION AND ORDER - 2**

appear to have been issued and no other party has appeared in the case to date, except for Defendant Afif who has appeared solely to for the purpose of challenging service of process.

On May 8, 2017, without any further contact from the Plaintiff and approximately five months after the time set for the scheduling conference, the Court issued a Docket Entry Notice of Dismissal for lack of prosecution. (Dkt. 7.) The Court notified Plaintiff that the case would be dismissed pursuant to District of Idaho Local Civil Rule 41.1 for lack of prosecution unless Plaintiff good demonstrate good cause for the Court to retain the case on the docket. *Id.* Plaintiff responded with the instant Motion to Extend (Dkt. 8) and Defendant responded with a Motion to Dismiss (Dkt. 11).

In sum, the instant case has been pending in this Court since June 9, 2016 and was originally filed in state court on March 30, 3016. Plaintiff has had over 18 months to effectuate service of process and has failed to do so.

## DISCUSSION

The Court has discretion to dismiss an action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Fed. R. Civ. P. 41(b). In addition, the Court may dismiss an action on the basis of insufficient service of process. Fed. R. Civ. P. 12(b)(5).

In this case, the parties agree that Defendant Afif has not been served with process. (Dkt. 8) ("the principal defendant, Alfredo Miguel Afif, has not been served with process"). Accordingly, dismissal is warranted unless the Court finds good cause to extend the time for service of process pursuant to Rule 4.

Rule 4(m) provides a plaintiff with 90 days to accomplish service of process. "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff demonstrates good cause for the failure, the Court must extend the time for service for an appropriate period." *Id.*

In this case, the Court provided Plaintiff with notice that the case would be dismissed if the plaintiff did not show "good cause" by May 22, 2017. (Dkt. 7.) Plaintiff responded to the Court's order and also to Defendant's Motion to Dismiss (Dkts. 8, 10.) Nonetheless, Plaintiff has failed to demonstrate good cause for its failure to serve Defendant Afif in the time allowed under Rule 4(m).

It is undisputed that Afif is a nonresident alien and a citizen and resident of Mexico. (Dkts. 1, 4.) Accordingly, Rule 4(f) governs as it applies to service of process on individuals in foreign countries. Alternatively, Plaintiff could try to serve Defendant Afif within the United States consistent with Rule 4(e).

In July 2016, Plaintiff acknowledged that Defendant Afif could be served in Mexico consistent with the Hague Convention as set forth in Rule 4(m)(1). (Dkt. 4.) Nonetheless, the record does not reflect that Plaintiff initiated proceedings consistent with the Hague Convention. Instead, Plaintiff indicated in May 2017 that he decided it would be quicker to have Defendant Afif served in the United States. (Dkt. 8-1.) Accordingly, Plaintiff investigated possible locations to find the Defendant and arranged for a professional skip

**MEMORANDUM DECISION AND ORDER - 4**

trace. (Dkt. 8-1). Apparently, these efforts have not succeeded and Plaintiff has made no effort to explain why.

Moreover, in response to Defendant's Motion to Dismiss, Plaintiff requested a 30-day extension to accomplish service of process and conceded that if service of process was not accomplished within that time, "the matter should be dismissed." (Dkt. 10.) There is no indication from the docket that Plaintiff was able to accomplish service of process in the 30 days that followed.

On this record and given the passage of over 18 months of time since the case was initially filed, the Court does not find good cause to extend the time for Plaintiff to serve Defendant Afif. The Court finds that dismissal is appropriate pursuant to Rules 4(b)(5), 41(b), and District of Idaho Local Rule Civ. 41.1 for insufficient service of process and failure to prosecute.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Retain Case and Extend Time for Filing Litigation Plan and Scheduling Conference (Dkt. 8) is DENIED and Defendant Alfredo Miguel Afif's Motion to Dismiss (Dkt. 9) is GRANTED as stated herein.



DATED: October 13, 2017

_____
Edward J. Lodge
United States District Judge